Filed 6/20/24  P. v. Valenzuela CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE, | C099162 |
| Plaintiff and Respondent, | (Super. Ct. No. STK-CR-FDV-2021-0001519) |
| v. | |
| ANGEL URTEAGA VALENZUELA, | |
| Defendant and Appellant. | |

Appointed counsel for defendant Angel Urteaga Valenzuela has asked this court to conduct an independent review of the record to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Finding none, we will affirm the judgment.

FACTS AND HISTORY OF THE PROCEEDINGS

In February 2021, defendant and his girlfriend argued.  During the argument, defendant hit his girlfriend in the face several times.  As a result of defendant hitting her,

1

defendant's girlfriend suffered a bloody and bruised nose, bruises on her leg, and an injury to her toe.

In San Joaquin County Superior Court, case No. STK-CR-FDV-2021-0001519 (case No. 1519), the People charged defendant with intimate partner abuse (Pen. Code, § 273.5, subd. (a), statutory section citations that follow are found in the Penal Code unless otherwise stated); making criminal threats (§ 422, subd. (a)); and vandalism (§ 594, subd. (a)). Defendant pleaded no contest to intimate partner abuse. In exchange for defendant's plea, the People moved to dismiss the remaining charges with a *Harvey*[1] waiver; the court granted the People's motion. The People also agreed defendant would serve four years on "formal felony domestic violence probation."

Consistent with the terms of the negotiated plea agreement, the trial court suspended imposition of sentence and placed defendant on four years' formal probation. The court issued a domestic violence protective order, restraining defendant from contacting his victim (the protective order was later modified from a no-contact order to a conduct order). Based on the parties' agreement, the court ordered defendant to serve 120 days in county jail with credit for time served, and ordered him to attend a 52-week domestic violence class. The court also ordered defendant to pay various fines and fees totaling $400; the court stayed the $500 domestic violence fund fee (§ 1203.097, subd. (a)(5)(A)).

In March 2023, the People charged defendant with intimate partner abuse (§ 273.5. subd. (a)) and contempt of court (§ 166, subd. (a)(4)) in San Joaquin County Superior Court, case No. CR-2023-0003685 (case No. 3685). As a result of those charges, the People also moved the trial court to revoke defendant's probation. In case No. 3685, a

---

[1] *People v. Harvey* (1979) 25 Cal.3d 754.

jury later found defendant guilty of the lesser included offenses of assault (§ 240) and battery (§ 243, subd. (e)(1)); the jury also found defendant guilty of contempt.

At sentencing for case No. 3685, the trial court gave defendant two options: (1) a "90-day diagnostic at [the] CDC," then 18 months in county jail with credit for time served, or; (2) two years six months in prison. Defendant chose the first option. The court sentenced defendant as follows: "I will order a diagnostic at CDCR under Penal Code Section 1203.03.

"The jail is to transport him to CDC for that diagnostic.

"Upon his return, the Court will at that time sentence him to a total term of one year and six months, or 18 months, in the county jail, back on probation."

In July 2023, defendant returned to court having completed the 90-day diagnostic commitment. In case No. 3685, the court suspended imposition of sentence, placed defendant on three years' probation, and ordered him to serve six months in county jail for his battery conviction. The court dismissed the assault verdict, which it deemed "improper." For his contempt conviction, the court sentenced defendant to six months in county jail, to be served consecutive to the six months imposed on the battery conviction. The court ordered defendant to pay various fines and fees, including the $500 domestic violence fund fee (§ 1203.097, subd. (a)(5)(A)) and direct victim restitution. The court also ordered defendant to complete eight hours of community service, and issued a criminal protective order for the victim.

As a result of his conviction in case No. 3685, the trial court found defendant in violation of his probation in case No. 1519. Accordingly, the court revoked and reinstated his probation, and ordered defendant to serve six months in county jail, to be served consecutive to "any other cases [defendant] may have." The trial court imposed another six-month term on an unrelated conviction that was transferred in from out of county and ordered that term also to be served concurrent to "all other sentences that were imposed today."

## DISCUSSION

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts and procedural history of the case and asks this court to review the record and determine whether there are any arguable issues on appeal. (*People v Wende*, *supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of when the opening brief was filed. More than 30 days have elapsed, and we received no communication from defendant. Having undertaken an examination of the entire record pursuant to *Wende*, we find no arguable error that would result in a disposition more favorable to defendant.

Accordingly, we affirm the judgment.

## DISPOSITION

The judgment is affirmed.

 

 

_____

HULL, Acting P. J.

 

We concur:

 

_____

DUARTE, J.

 

_____

BOULWARE EURIE, J.